UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Shenzhen Shokz Co., Ltd.,

    Plaintiff,

v.

Shenzhen Wenming Technology Co., Ltd., *et al.*,

    Defendants.

Case No. 24 C 6717

Honorable Jorge L. Alonso

## Memorandum Opinion and Order

For the reasons below, the Court grants in part and denies in part Defendant MRNEIO LLC's motion to dismiss (ECF No. 20).

## Background

Plaintiff Shenzhen Shokz Co., Ltd. ("Shokz") has sued several defendants, including MRNEIO, for alleged infringement of two patents: U.S. Patent Nos. 11,197,084 and 11,310,582. Both patents are titled "loudspeaker apparatus" and, broadly speaking, disclose waterproof headphones that wrap around the ear and transfer sound via bone conduction. Shokz alleges that certain headphone products sold under the Mojawa brand (affiliated with Defendant Suzhou Mojawa Intelligent Electronic Co., Ltd.) satisfy the limitations of the asserted patents, and thus that Defendants have infringed the patents by selling, offering to sell, using, or importing those products and by inducing others to do the same.

Shokz sues not only Mojawa and other defendants who allegedly operate e-commerce stores that list the accused products as explicitly shown in attachments to the complaint but also sues MRNEIO. MRNEIO is an Illinois-based company that is listed on Mojawa's website as

1

Mojawa's "USA Warehouse address" and that offers e-commerce services, including importation and sales services, to its clients. Compl. ¶ 17, ECF No. 1. Shokz alleges MRNEIO thus has a "close business relationship" with Mojawa and is "actively involved in the sale and distribution of the accused infringing products." *Id.*

MRNEIO has moved to dismiss Shokz's claims against it for failure to state a claim, which the Court now considers.

## Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard requires a complaint to contain sufficient "[f]actual allegations" to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). However, it need not "accept as true legal conclusions, or

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## Discussion

MRNEIO argues that Shokz fails to state a claim for (1) direct patent infringement; (2) pre-suit damages; or (3) induced infringement, willful infringement, treble damages, an exceptional-case finding, or attorney's fees. The Court addresses each argument in turn.

### I.  Direct infringement

A party commits direct patent infringement when it "without authority makes, uses, offers to sell, or sells any patented invention" in the United States "or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). Paragraph 17 of Shokz's complaint provides the basis for Shokz's direct-infringement theory against MRNEIO by pointing to two webpages. First, Mojawa's website names MRNEIO as its "USA Warehouse address"; the only other listed address is Mojawa's in China. Compl. Ex. 8, ECF No. 1-8. Second, MRNEIO's website summarizes certain services it offers—for example, that its clients "experience a seamless way to import and export everyday goods, own a comprehensive E-commerce service," "have a channel to process overstock inventory, [and] increase sales through our selling platform." Compl. Ex. 9, ECF No. 1-9. Shokz alleges that these webpages show, "on information and belief, that MRNEIO is actively involved in the sale and distribution of the accused infringing products." Compl. ¶ 17. MRNEIO argues that these allegations are too tenuous and do not state a plausible infringement claim against it, but instead suggest only that MRNEIO warehouses Mojawa's products and offers various services that may or may not be provided in relation to the accused products.

3

The Court disagrees and finds Shokz's allegations sufficient. Mojawa's and MRNEIO's webpages show some relationship between the companies, and, taking in Shokz's favor the allegations that Mojawa's website holds out MRNEIO as its U.S.-based warehouse address and MRNEIO's e-commerce business includes assisting clients like Mojawa with importation and sales, it is plausible that MRNEIO sells or offers for sale the accused products in the course of its business with Mojawa.

Regardless of whether Shokz's infringement theory against MRNEIO will ultimately carry the day once the parties have investigated it through discovery, Shokz's allegations are enough to survive dismissal at this stage. *Compare Heidary v. Amazon.com, Inc.*, 706 F. Supp. 3d 525, 532 (D. Md. 2023) (partially denying Amazon's motion to dismiss because "although Amazon may, at a later stage, be able to establish that it did not sell or offer to sell the Products . . . any such determination is premature"), *aff'd*, No. 2024-1580, 2024 WL 4489918 (Fed. Cir. Oct. 15, 2024) *with POWERbahn, LLC v. Foundation Fitness LLC*, No. 1:17-CV-02965-AT, 2020 WL 8224926, at *3 (N.D. Ga. Sept. 8, 2020) (granting summary judgment after concluding, based on the evidence, that "Foundation was providing Wahoo a service, not a product"); *Quantum Grp. Inc. v. American Sensor Inc.*, No. 96 C 0761, 1998 WL 766707, at *6 (N.D. Ill. Apr. 10, 1998) (granting summary judgment and finding that "Klesman could not be said to have used the patented process merely by receiving, storing or shipping the products" because "[m]ere possession of infringing products does not establish liability for infringement"). The Court therefore does not dismiss Shokz's direct-infringement claim against MRNEIO for failure to state a claim.

## II. Pre-suit damages

Next, MRNEIO argues that Shokz cannot recover pre-suit damages from it because Shokz did not allege actual or constructive notice of the asserted patents. Shokz does not respond to this argument, and the Court agrees with MRNEIO. A patentee plaintiff may only recover damages for infringement that occurs after the infringer is notified of the infringement—whether by constructive notice via marking or by actual notice, including filing of an infringement action. 35 U.S.C. § 287(a). "The patentee has the burden of pleading and proving at trial that it has complied with the statutory requirements of § 287(a)." *Van Holdt v. A-1 Tool Corp.*, 714 F. Supp. 2d 863, 868 (N.D. Ill. 2010).

Shokz summarily alleges that MRNEIO and its co-defendants "had or should have had" knowledge of the asserted patents but does not allege that Shokz marked its products or committed an affirmative act that provided actual notice to MRNEIO of the patents and MRNEIO's alleged infringement. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) ("[N]otice must be an affirmative act on the part of the patentee which informs the defendant of his infringement."). Shokz thus has not alleged pre-suit notice and so cannot recover pre-suit damages against MRNEIO.

## III. Induced infringement, willfulness, and the like

Lastly, MRNEIO argues that Shokz fails to allege pre-suit knowledge of the asserted patents by MRNEIO and cannot pursue claims for induced infringement, willful infringement, treble damages, an exceptional-case finding, or attorney's fees because *pre-suit* knowledge of the

5

patents and of infringement is required.[1] Shokz counters that pre-suit knowledge is not required to pursue such claims and so dismissal is inappropriate.

The Court agrees with Shokz. Though "[d]istrict courts across the country are divided over whether a defendant must have the knowledge necessary to sustain claims of indirect and willful infringement before the filing of the lawsuit," this Court agrees with the reasoning and conclusion of its colleagues in this District that pre-suit knowledge is not required and the complaint itself can provide the necessary notice for post-suit willful or induced infringement. *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021); *see Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 18 C 8175, 2024 WL 450028, at *15 (N.D. Ill. Feb. 6, 2024) ("[T]his Court has concluded that the complaint can provide the required knowledge for a post-suit willful infringement claim."); *Intellect Wireless Inc. v. Sharp Corp.*, No. 10 C 6763, 2012 WL 787051, at *11 (N.D. Ill. Mar. 9, 2012) (agreeing with prior caselaw in this District and concluding that "Defendants' knowledge of the patent as of the time of the suit's commencement can satisfy the knowledge requirement for conduct that post-dates the date of the complaint"). Because Shokz's complaint may give rise to a post-suit willfulness or induced-infringement claim, the Court will not dismiss Shokz's claims against MRNEIO for induced infringement, willful infringement, treble damages, an exceptional-case finding, or attorney's fees.

---

[1] To the extent MRNEIO presents new arguments in its reply as to why Shokz's willfulness and induced-infringement claims should be dismissed even if based on post-suit conduct, those arguments are waived. *See White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021) ("[A]rguments raised for the first time in White's reply brief are waived because they leave no chance to respond.").

## Conclusion

The Court grants in part and denies in part MRNEIO's motion to dismiss (ECF No. 20) and dismisses Plaintiff's claim for pre-suit damages against MRNEIO.

**SO ORDERED.**                                   **ENTERED: May 29, 2025**

_____
**HON. JORGE ALONSO**
**United States District Judge**